410 Mall Blvd., Suite G
Savannah, GA 31406-4621.
PH: (912) 652-4234
TDD: (912) 652-4439
FAX: (912) 652-4248

RECEIVED

1-800-669-4000

AUG 22 1997

## YOU MAY FILE A CHARGE

EEOC-SLO

You have come to the EEOC to seek help concerning discrimination in employment. The EEOC investigates problems in employment which you believe are because of your race, sex, religion, national origin, color, age, or disability, or because you believe you are not receiving equal pay for equal work. We will ask you many questions about dates, the size of the organization with which you had trouble and other matters. What you tell us is important.

First, we will have to establish whether we believe that the law permits us to work on your problem; that is, we must try to find out whether we have jurisdiction under the law. Second, we must determine which of your facts will be useful in our investigation.

If what you tell us leads us to believe that we cannot help you because we do not have jurisdiction, we will explain that to you and tell you why. If what you tell us leads us to believe that there is practically no chance we will be able to help you or that it is unlikely the organization which you wish to charge has violated the law, we will explain that to you and tell you why.

HOWEVER, even if based on what you tell us, we advise that we do not believe we have jurisdiction or it appears unlikely we can help you or that the organization probably has not violated the law, YOU MAY STILL FILE A CHARGE WITH US. It is YOUR decision to make. It is possible that if you file a charge (s), it will be dismissed because we do not have the jurisdiction or because the Commission (EEOC) determines the law has not been violated.

I have read (or have had read to me) and understand the above information.

_Carol Wilker_
**SIGNATURE**

_8-21-97_
**DATE**

John B. O'NEAL, III, Plaintiff–Appellant,

v.

Jeanette G. GARRISON; et al., Defendants–Appellees.

No. 97–8597.

United States Court of Appeals, Eleventh Circuit.

Oct. 23, 2001.

Charles C. Stebbins, III, Warlick, Tritt & Stebbins, Augusta, GA, Richard E. Mi-

ley, North Augusta, SC, for Plaintiff–Appellant.

David E. Hudson, Hull, Towill, Norman & Barrett, Augusta, GA, Phillip A. Bradley, Barry J. Armstrong, Long, Aldridge & Norman, LLP, Atlanta, GA, for Defendants–Appellees.

Before BARKETT, GODBOLD and GOODWIN*, Circuit Judges.

PER CURIAM:

The petition for rehearing by Christopher Garrison correctly notes that he was not named as a defendant in Count I of the second amended complaint. Our opinion is amended accordingly.

Our opinion referred to summary judgment granted to Molloy. In fact, the district court denied Molloy's motion for summary judgment, but at the conclusion of trial testimony it granted judgment as a matter of law for Molloy on Count V, the tortious interference claim, and it dismissed the Count V claim against Healthmaster, Molloy's employer, whose only exposure was derivative of Molloy's exposure. Our opinion is amended to show that the order granted to Molloy was judgment as a matter of law on Count V.

The petition for rehearing filed by Molloy and Healthmaster, Inc. asserts that, in view of the court's ruling on Count V, it erred in not dismissing the Count I and Count III claims against them. The petition is DENIED.

Appellant John B. O'Neal has filed an "opposition" to the petitions for rehearing filed by Molloy and Healthmaster, Inc., in which he contends that the court erred in granting judgment for Molloy on Count V. We treat this as a petition for rehearing on that point, and it is DENIED.

---

* Honorable Alfred T. Goodwin, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.